IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>JOSEPH VELAZQUEZ,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO RELEASE DOCUMENTS<br><br>Case No. 1:21-cr-00107-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a petition to revoke Joseph Velazquez's supervised release. His probation officer alleges that he violated the conditions of his release by failing to submit to numerous drug and alcohol tests, by testing positive for and admitting to using cocaine, by tampering with a drug test, by committing the crime of possessing a dangerous weapon (brass knuckles), and by interacting with a convicted felon without receiving prior permission. The court set an evidentiary hearing for these allegations, and Velazquez's probation officer is scheduled to testify at the hearing. Velazquez moved for an order requiring the probation officer to disclose notes that she compiled regarding her supervision of Velazquez prior to the evidentiary hearing. ECF No. 85. The motion is GRANTED IN PART.

The Federal Rules of Evidence do not apply to supervised release revocation hearings. FED. R. EVID. 1101(d)(3). Additionally, because the revocation of supervised release is not part of a criminal prosecution, individuals under supervision are not entitled to the same panoply of rights available in a criminal proceeding. *United States v. Williams*, 106 F.4th 1040, 1045 (10th Cir. 2024). Instead, individuals facing revocation of supervised release must be afforded the "minimum requirements of due process," which generally includes "the right to confront and cross-examine

adverse witnesses." *Id.* (citation omitted). The due process requirements for supervised release hearings are laid out in Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure. *Id.* Under this Rule, an individual on supervision is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear," as well as "an opportunity to make a statement and present any information in mitigation." FED. R. CRIM. P. 32.1(b)(2)(C), (E).

Velazquez argues that because his probation officer will testify at his revocation hearing, he should have an opportunity to review the officer's supervision notes in order to have a full and fair opportunity to cross-examine the officer during the hearing. The court agrees. The court has confirmed that the probation officer reviewed her supervision notes in anticipation of testifying at the hearing. Because the notes could be a basis for the probation officer's testimony, the court finds that disclosure of the notes is required for Velazquez to fairly exercise his due process right to cross-examine witnesses against him.

The court, however, has reviewed the notes and has determined that one portion contains confidential information regarding third parties and is not relevant to any of the allegations against Velasquez. Therefore, the court will redact this portion of the notes before disclosing the document to the parties. *Cf.* FED. R. EVID. 612 (providing that if "justice requires," a court may require a party to disclose a writing that a witness has used to refresh his or her memory before testifying, but if "the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party").

## CONCLUSION

For the above-stated reasons, the court grants in part the motion to disclose the supervision notes. Attached to this order is a redacted version of the notes filed under seal.

DATED February 3, 2026.

                      BY THE COURT

                      _____
                      Jill N. Parrish
                      United States District Court Judge